UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA JAVAN JACKSON,

    Plaintiff,

v.                          Case No. 3:21-cv-795-BJD-JRK

OFFICER STEVENS, et al.,

    Defendants.
_____

## ORDER

Plaintiff, a pretrial detainee housed at the Duval County Jail, initiated this action pro se by filing a complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.).¹ Plaintiff names four Defendants, including Sheriff Mike Williams, based on a use-of-force incident that occurred on July 13, 2021. See Compl. at 2-3, 7. Plaintiff alleges he declared a mental health emergency after cutting himself, and two officers—Defendants Stevens and Stokes—used excessive force when removing him from his cell. Id. at 4, 6. He contends the officers' conduct caused muscle tears and motor receptor damage. Id. at 7. He seeks compensatory damages. Id.

---

¹ At the Court's direction (Doc. 2), Plaintiff filed a motion to proceed as a pauper (Doc. 3), which the Court granted. See Order (Doc. 4).

The Prison Litigation Reform Act (PLRA) requires a district court to review prisoner filings and dismiss a complaint or any portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally

2

construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Under this Court's screening obligation, Plaintiff's claims against Defendants Morris and Williams are due to be dismissed. Plaintiff asserts absolutely no factual allegations against these Defendants. Rather, it appears he names them solely because they hold supervisory positions over the two alleged offending officers, or they were grievance recipients or responders. Neither theory is cognizable under § 1983.

First, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy ...

3

> result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). Plaintiff does not allege Defendants Morris or Williams participated in the use-of-force incident or authorized it. See Compl. at 4, 6. Moreover, Plaintiff does not allege these Defendants had a policy, practice, or custom that caused constitutional violations, or that they were aware of but ignored a history of widespread abuse by officers.

Second, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)). Even if Plaintiff submitted grievances that Defendants Morris or Williams received, reviewed, or responded to, he fails to state a plausible claim against them.

Because Plaintiff fails to state a plausible claim for relief against Defendants Morris and Williams under § 1983, the Court will dismiss them from this action.

4

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Defendants Morris and Williams are **DISMISSED without prejudice**. The **Clerk** shall terminate these Defendants as parties to the action.

2. By **October 8, 2021**, Plaintiff shall submit two identical copies of his complaint (Doc. 1) for service on Defendants Stevens and Stokes. His failure to timely comply may result in the dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Joshua Javan Jackson

5